UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-60875-SMITH
CASE NO. 22-CR-60131-SMITH

**JOSE RICARDO RAMIREZ-ROMERO,**

    Petitioner,

 v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**GOVERNMENT'S REPSONSE TO PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Petitioner Jose Ricardo Ramirez-Romero's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (CIV Doc. 1).[1] As the Petitioner is currently appealing his conviction to the Eleventh Circuit, this Court should deny the Motion without prejudice, or in the alternative, defer consideration of the Motion until the conclusion of appellate proceedings.

**PROCEDURAL HISTORY**

    On December 20, 2022, the Petitioner pleaded guilty to counts 1 and 2 of an indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of

---

[1] Citations to the District Court Criminal Case Docket will be referenced as "CRM Doc.," citations to the District Court Civil Case Docket will be referenced as "CIV Doc.," and citations to the Appellate Court Docket will be referenced as "App. Doc."

1

methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and possession of 50 grams or more of methamphetamine with intent to distribute, in violation of Title 21, United States Code, Section 841(b)(1)(A). (CRM Doc. 69). On March 29, 2023, Petitioner was sentenced to a 204-month term of incarceration, followed by five years of supervised release. (CRM Doc. 133).

On April 11, 2023, counsel for Petitioner filed a prudential notice of appeal and informed the Court that "counsel has not been retained for appellate purposes, and will not be retained for any appellate purposes in this matter." (App. Doc. 1-2).

On May 15, 2023, the Eleventh Circuit dismissed the appeal for want of prosecution for failure to file a Transcript Order Form and to comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements within the proscribed time. (App. Doc. 5.).

On May 23, 2024, Petitioner filed the pending Motion. (CIV Doc. 1).

On June 5, 2024, the Eleventh Circuit, on its own motion, found "this appeal was dismissed in error," reinstated the appeal, and provided the Appellant/Petitioner 30 days to inform the Court of his intent to proceed pro se, retain new counsel, or file a motion for appointment of counsel. (App. Doc. 7-2 at 2).

On June 14, 2024, Appellate/Petitioner filed with the Eleventh Circuit a Motion for Appointment of Counsel, noting that he "seeks judicial review of the four grounds filed in the District Court under § 2255." (App. Doc. 9 at 2).

On June 17, 2024, the Eleventh Circuit issued a notice that no action would be taken on his Motion until Appellate/Petitioner complied with Eleventh Circuit Rule 261.-1. (App. Doc. 10).

On July 1, 2024, Petitioner re-filed his Motion for Appointment of Counsel with an attached Certificate of Interested Persons and Corporate Disclosure Statement. (App. Doc. 11).

## ARGUMENT

The Eleventh Circuit has held that "the general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). Courts have recognized that "absent extraordinary circumstance, a defendant may not seek collateral relief while his direct appeal is pending," *Casimir v. United States*, 2008 WL 906544 at *2 (S.D. Fla. Feb. 27, 2008), and have instructed that Section 2255 motions filed during the pendency of a direct appeal "should be dismissed without prejudice as premature." *Owusua v. United States*, No. 17CV23301, 2017 WL 11496939 at * 1 (S.D. Fla. Sept. 6, 2017) (citing *United States v. Casaran-Rivas*, 311 F. App'x 269, 274 (11th Cir. 2009)). In order to allow petitioners the opportunity to litigate habeas petitions, "any subsequent § 2255 motion submitted after the direct appeal is resolved would not be deemed second or successive." *Id. Accord*, *Nettles v. United States*, No. 08-14399-CV, 2008 WL 5427763 (S.D. Fla., Dec. 30, 2008).

In this case, Petitioner's appeal was reinstated shortly after having filed his § 2255 Motion, and his pending appeal involves "the four grounds filed in the District Court under § 2255." (App. Doc. 9 at 2). Petitioner has not identified any extraordinary reason which might counsel this Court to assume jurisdiction over the § 2255 motion at this time. To the contrary, litigating the same four issues before this Court and the Eleventh Circuit would create needless duplication, would not be an effective use of judicial resources, and would deprive this Court of the opportunity both to have a more fully developed record and to have the benefit of the Eleventh Circuit's ruling.

## **CONCLUSION**

For these reasons, the Government respectfully moves this Court to deny the instant motion without prejudice to renew after the conclusion of Petitioner's direct appeal, or in the alternative, to defer consideration of the Motion until the conclusion of appellate proceedings.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  *s/ Antoinette T. Bacon*
ANTOINETTE T. BACON
Assistant United States Attorney
Florida Bar No.: 1039427
99 Northeast 4th Street
Miami, Florida 33132
Telephone: (305) 961-9400
Email: ABacon@usa.doj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing document and its attachment with the Clerk of the Court using CM/ECF and mailed the document and its attachment by United States Mail to *pro se* Jose Ricardo Ramirez-Romero, Reg. No.: 07534-510, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

*s/ Antoinette T. Bacon*
ANTOINETTE T. BACON
Assistant United States Attorney